```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS LOCAL
UNION NO. 854 HEALTH AND WELFARE
BENEFITS PLAN AND PENSION FUND,            REPORT AND
                                           RECOMMENDATION
                 Plaintiffs,               CV 05-4110(NGG)(ARL)

        -against-

NEW HOPE PIPE LINERS, L.L.C.,

                 Defendant,
-------------------------------------------------------------------X
```
**ARLENE R. LINDSAY, United States Magistrate Judge:**

This matter was referred to the undersigned by District Judge Garaufis for the purpose of issuing a report and recommendation with respect to damages. On June 15, 2006, the Clerk of the Court entered a notation of default in this matter. Thereafter, on August 1, 2006, the plaintiff moved for a default judgment and, by order dated August 14, 2006, Judge Garaufis entered a default judgment against the defendant New Hope Pipe Liners, L.L.C. ("New Hope"). The plaintiffs, Trustees of the International Brotherhood of Teamsters Local Union No. 854 Health and Welfare Benefits Plan and Pension Fund ("the Trustees"), submitted a statement of damages and an affidavit in support of attorneys' fees along with their motion for a default judgment. The Trustees then revised their statement of damages pursuant to the undersigned's August 15, 2006 order. No opposition was received from New Hope.

Based on the evidence submitted, the court recommends that damages be awarded in the amount of $1,927.67.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, detailed affidavits and other documentary evidence provide this basis. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

The Trustees' Claim for Damages

The complaint alleges that New Hope failed to make necessary fringe benefit contributions and to submit contribution reports for the period February 2005 to June 2005. *See* Complaint ¶¶ 13-14. The complaint also seeks "additional contributions and/or delinquency charges [that] may become due and owing" during the pendency of the action. *Id.* at ¶¶ 25-28. In the moving papers, the Trustees initially sought an award of $25,824.43 for unpaid Pension and Welfare Fund contributions for the month of June 2006.[1] However, three days after the Trustees moved for a default judgment, New Hope made fringe benefit contributions for June 2006. *See* Boyles Supp. Aff. and Revised Statement of Damages. The Trustees, nonetheless, seek interest

---

[1] Prior to the submission of the motion for a default judgment, New Hope made the necessary fringe benefit contributions February 2005 through June 2005, the period set forth in the Complaint. The Trustees, nonetheless, moved for a default judgment seeking an award for unpaid contributions for June 2006, relying on the claim for "additional contributions."

2

and liquidated damages for the June contributions that were due on July 1, 2006, but not paid until August 4, 2006.

The Trustees are correct that pursuant to the terms of the Collective Bargaining Agreement and the Policy for the Collection of Delinquent Contributions ("Policy"), New Hope's June 2006 contributions were due on July 1, 2006, the first day of the month following the month in which the work was performed. *See* Policy at § 2, ¶ 1, annexed as Ex. E to Boyles Aff. However, the Policy also sets forth detailed collection procedures requiring the Trustees to give written notices to employers indicating the amount of the unpaid contribution and warning the employer that matter will be referred to legal counsel. Specifically, the Trustee are required to send two notices to employers, on of which is sent 40 days after the due date to warn employers that "in addition to the delinquent Contributions, the employer may be liable for interest charges, liquidated damages, attorneys' fees and court costs incurred in the collection of the Contributions." *See* Policy at § 2, ¶ 5, annexed as Ex. E to Boyles Aff. There is no indication that the Trustees satisfied this notice provision. In fact, it appear that the Trustees moved for a default judgment before the time for sending the second notice had even expired. Accordingly, the undersigned does not believe that the plaintiffs have provided adequate support for an award of interest and liquidated damages for the June 2006 late contribution payments.

The Trustees are, however, entitled to an award in the amount of $741.22 for unpaid interest on prior delinquent pension contributions. According to the revised statement of damages, New Hope still owes the Fund interest for its late October 2005, November 2005, April 2006 and May 2006 pension contributions. In addition, the Trustees are entitled to an award in the amount of $1,186.47 for unpaid interest on delinquent welfare contributions for October

3

2005, November 2005, April 2006 and May 2006. Accordingly, the court recommends an award of $1,927.69, representing the unpaid interest on those delinquent contributions.

Attorneys' Fees and Costs

The Trustees are also entitled to reasonable attorneys' fees pursuant to the Policy and 29 U.S.C. §1132(g)(1). In fact, 29 U.S.C. §1132(g)(2) "mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." *Local 348 Health & Welfare Fund v. Milmar Food Group, L.L.C.,* 2006 U.S. Dist. LEXIS 19756 * 14 (E.D.N.Y March 24, 2006)(adopted on April 19, 2006 (ARR)).

The Second Circuit has adopted the "lodestar" approach to determine these type of attorneys' fee awards, which is based on the number of reasonable hours expended, multiplied by a reasonable hourly rate. *Id.; see also Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2d Cir. 1987)). The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally, New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. Id. at 1147–48.

In support of the request for attorneys' fees, the Trustees submitted the Affidavit of Jonathan Boyle, which indicate that 28.75 hours were spent during the pendency of this action. However, the Trustees failed to annexed contemporaneous time records in support of claim for an

4

award of attorneys' fees. Based on the Second Circuits decision in *New York State Ass'n for Retarded Children, Inc. v. Carey,* the court must, therefore, deny the Trustees request for an award of attorneys' fees based on their failure to properly document the application. *Id.* ("any attorney -- whether a private practitioner or an employee of a nonprofit law office – who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records.")

## RECOMMENDATION

For all the reasons set forth above, the undersigned recommends that plaintiff be awarded a total of $1,927.67.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to plaintiffs by electronic filing on the date below. The plaintiffs are directed to serve a copy of the report on the defendants immediately upon receipt of the report and recommendation. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       October 25, 2006

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　Arlene R. Lindsay
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge